KING, J.,
Dissenting. — I dissent. I would affirm because substantial evidence shows defendant and appellant Victors Anders Rekte ran the red light, as charged, on October 26, 2012, and was therefore guilty of violating Vehicle Code section 21453, subdivision (a).
Contrary to the majority’s conclusion, Evidence Code sections 1552 and 1553 do not require reversal of the judgment. The defense expert, Sean Stockwell, testified that the “yellow light interval,” or the amount of time the yellow light was on before the light turned red, was only 3.5 seconds, plus or minus 0.07 seconds, or less than the 3.6 seconds required by the California Manual on Uniform Traffic Control Devices. This testimony was relevant to whether defendant had sufficient time to stop before the light turned red, but the testimony in no way indicated that the critical still photographs and the time stamps on those photographs did not show what they purported to show: defendant running the red light.
Indeed, the Automated Traffic Enforcement System-generated photographs and time stamps were presumptively accurate (Evid. Code, §§ 1552, 1553), and showed defendant traversing the intersection when the light was red (Veh. Code, § 21453, subd. (a)). Even if the yellow light interval was only 3.5 seconds, not the 3.6 seconds depicted on the still photographs, the photographs show the light was red and had been red for an appreciable amount of time when defendant entered the intersection. Other evidence showed that in a 35-mile-per-hour zone, the yellow light interval should be 3.6 seconds. But here, defendant was only traveling at 15 miles per hour as he approached and ran the light.[1]
*1249 In sum, the defense produced no evidence to rebut the presumed accuracy or reliability of the still photographs, or when those photographs were taken, or that they did not in fact show what they purported to show; defendant running the red light. The majority errs in concluding the court was required to disregard the photographic and time stamp evidence showing defendant ran the red light. (People v. Goldsmith (2014) 59 Cal.4th 258, 270-271 [172 Cal.Rptr.3d 637, 326 P.3d 239].)

 Under the California Manual on Uniform Traffic Control Devices (2012 ed.), part 4, chapter 4D, table 4D-102, a vehicle traveling at 15 miles per hour covers a distance of 22 feet per second. The Minimum Yellow Change Interval Timing table takes into consideration the posted speed limit, the deceleration rate, and deceleration distance, as well as reaction time and reaction distance. For a posted speed limit of 25 miles per hour or less, the yellow light interval should be three seconds, and at 30 miles per hour, the interval should be 3.2 seconds. Accepting the defense expert’s testimony that the yellow light interval here was only 3.5 seconds, defendant, traveling at 15 miles per hour, had ample time to perceive, react, and bring his car to a stop before entering the intersection. (Cabral v. Ralphs Grocery Co. (2011) 51 *1249 Cal.4th 764, 775-776, fn. 5 [122 Cal.Rptr.3d 313, 248 P.3d 1170] [court may take judicial notice of provisions of California Manual on Uniform Traffic Control Devices].)